James R. BARTHOLOMEW

v.

Frank FISCHL and City of Allentown.

Civ. A. No. 81–3687.

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1981.

162

Richard Orloski, Allentown, Pa., for plaintiff.

Susan Mensch, Asst. City Sol., Allentown, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A dispute which arose between plaintiff, the executive director of the Bicity Health Bureau (Bureau), and defendants, the City of Allentown and Frank Fischl, a city official, regarding the propriety of fluoridating the drinking water culminated in a "retaliatory, protracted, public dialogue, including defamatory accusations" leveled at plaintiff by defendants whose purpose was to "destroy [plaintiff's] career in public health". Plaintiff contends that defendant's "retaliatory campaign" included false charges of "immorality or dishonesty", cost plaintiff his position and violated his right to "free speech" in that it was motivated by a desire to silence him. Defendants acted pursuant to "official governmental policy of the City of Allentown" during this "retaliatory campaign" and transgressed rights secured by

the due process clause of the Fourteenth Amendment. Defendants' "intentional, willful, wanton and outrageous" acts resulted in wage loss, loss of earning capacity and pain and suffering for which plaintiff seeks redress pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Jurisdiction is based upon 28 U.S.C. § 1343. *See,* plaintiff's complaint. We assume the veracity of these allegations, *Walker Processing Equipment Co. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), in deciding defendants' motion to dismiss.

Defendants argue that this Court lacks jurisdiction because plaintiff has failed to allege anything more than the state tort of defamation and that a prior suit to collect back pay creates a *res judicata* bar to the present action. Moreover, defendants contend that their good faith immunity shields their action from liability and that the complaint insufficiently alleges that defendants acted pursuant to a policy or custom sufficient to hold them liable under § 1983.

Defendants rely on *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), for the proposition that allegations of public dialogue which impugn reputation properly spawn state court defamation actions and do not offend § 1983. There, the court held that police officers who inform area businessmen of the identities of shoplifters are not liable under § 1983 to a plaintiff who has, in fact, never been convicted of shoplifting. Observing that such conduct "would appear to state a classic claim for defamation actionable in the courts of virtually every state", *id.* at 697, 96 S.Ct. at 1159, the Court concluded that "every legally cognizable injury . . . inflicted by a state official . . . [does not] establish a [constitutional] violation." 424 U.S. at 699, 96 S.Ct. at 1159.

The facts of *Paul v. Davis* are, however, inapposite to those at bar. There, plaintiff was employed in the private sector. His boss, upon exposure to the "police flyer", threatened to fire him if he was arrested again on similar charges. Here, plaintiff was employed by the public sector and was subjected to a barrage of defamatory remarks aimed at him by the City and motivated by an eventually successful desire to have him ousted from his employment, thus injuring his reputation. Finally, the public campaign was directed at him because he exercised his First Amendment right to advocate fluoridation and sought to properly discharge his functions; he urged that steps be taken to promote the health of the community which had hired him.

■ In *Paul v. Davis,* the court added a caveat to the language which is quoted above and upon which defendant relies. The court stated damage to reputation "alone, apart from some more tangible interests such as employment" is insufficient "by itself" to invoke the protections of the due process clause. 424 U.S. at 701, 96 S.Ct. at 1160. Moreover, while "mere defamation" is insufficient to invoke the aegis of the Fourteenth Amendment, the contested activity is actionable in federal court where there is "an accompanying loss of government employment." 424 U.S. at 706, 96 S.Ct. at 1163. Plaintiff's allegation that the defamatory campaign was not only motivated by a desire to have him fired but that it also achieved that goal, brings him within this caveat.

Plaintiff also claims a liberty interest in preserving his future professional reputation and earning capacity. In *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the court held that the concept of "liberty" does not embrace the non-retention of an untenured college instructor. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 684 (1976), concluded that

> the same conclusion applie[d] to the discharge of a public employee whose position [was] terminable at the will of the employer *when there was no public disclosure of the reasons for the discharge*
> . . .
>
> . . . Since the former communication was not made public, it cannot form the basis for a claim that petitioner's interest in his "good name, reputation, honor or integrity" was thereby impaired. (emphasis added).

In *Skrocki v. Caltabiano*, 505 F.Supp. 916 (E.D.Pa.1981), we held that a public employee, discharged without public accusation of malfeasance "or any other conduct impugning his integrity or reputation" failed to state a claim under § 1983. Conversely, defamatory public allegations, coupled with loss of employment, state a claim. Additionally, constitutionally protected "liberty" includes "later opportunities for . . . employment." *Goss v. Lopez*, 419 U.S. 565, 575, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975). Because plaintiff's opportunities have purportedly been curtailed by the public nature of the charges which precipitated his discharge, we conclude that he has stated a claim under § 1983. *Accord, McKnight v. Southeastern Pennsylvania Transportation Authority*, 583 F.2d 1229 (3d Cir. 1978) (communication to others of the reasons for plaintiff's discharge is actionable).

Defendants also argue that the instant action, growing out of plaintiff's employment termination is barred by the doctrine of *res judicata*. Indeed, plaintiff has litigated, in state court, the issue of whether defendant unlawfully withheld back wages upon his separation from the Bureau. Applying the traditional *res judicata* standard as articulated in *Hubicki v. AFC Industries, Inc.*, 484 F.2d 519, 524–25 (3d Cir. 1973), defendant argues that essentially the same subject matter was litigated between the same parties and that the prior judgment is final. Hence, since the issues raised by plaintiff's complaint *could have been* raised in the prior suit, defendant asserts that we should dismiss this action.

The fallacy of defendant's contention lies not in the application of the facts to the law, rather it is found in the selection of the appropriate legal standard. Normally, *res judicata* bars suits which raise issues which could have been adjudicated in earlier litigation. However, "in order to give effect to the interest in providing a federal forum for . . . resolution of federal claims", *Lehman v. Lycoming County Children's Services*, 648 F.2d 135, 145 (3d Cir. 1981) (*en banc*), the Third Circuit has held that a

"state court judgment forecloses a § 1983 litigant from raising grievances in federal court only if such claims have been pressed before, and decided by, a state tribunal." *New Jersey Educational Ass'n v. Burke*, 579 F.2d 764, 774 (3d Cir.), *cert. denied*, 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978). *Accord, Joseph L. v. Office of Judicial Support of the Court of Common Pleas*, 516 F.Supp. 1345 (E.D.Pa.1981) (dismissing those portions of a § 1983 suit which were actually litigated in the state court action.) Accordingly, since the claims at bar were not raised in the prior state court litigation, we will deny defendants' motion to dismiss based upon the defense of *res judicata*.

Defendants also assert that plaintiff's "bald allegations" of a "retaliatory campaign" are insufficient to overcome the good faith immunity permeating their conduct. *See, e.g., Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) and *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). However, since on a motion to dismiss we assume the veracity of plaintiff's allegations, *Walker Processing Equipment Co. v. Food Machinery & Chem-Corp., supra*, and plaintiff has alleged conduct which, *if proven*, will overcome any "good faith" immunity which defendants may assert, we will deny defendant's motion. Furthermore, the defense of "good faith" normally awaits resolution at trial. *Shoemaker v. Allender*, 520 F.Supp. 266, 270 (E.D.Pa.1981).

Defendants also seek dismissal because plaintiff failed to allege any *official* action which

> unconstitutional[ly] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing body's] officers.

*Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). This assertion ignores the allegation that defendant Fischl "a high government official of . . . Allentown" was, at all relevant times, acting pursuant to "official government policy of the City of Allentown." Complaint ¶ 4. Hence, plain-

tiff has cleared *Monell's* jurisdictional pleading hurdle.

However, a review of plaintiff's complaint reveals two deficiencies. The first is that plaintiff has failed to allege an appropriate class-based animus upon which to predicate his § 1985 claim. *See, Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), *Groff v. Eckman*, 525 F.Supp. 375 (E.D.Pa.1981), *Williams v. Township of Bristol*, No. 81–1386 (E.D.Pa. November 10, 1981), slip op. at 7. Hence, we will grant plaintiff leave to amend the complaint to properly allege a violation of § 1985.

Second, defendants properly point out that the complaint is "unclear as to the theory of naming the City of Allentown a defendant." *See* defendants' motion to dismiss at 14. As we recently observed, the obligation to plead a civil rights claim with the requisite specificity "scarcely requires citation", *Skrocki v. Caltabiano*, 505 F.Supp. at 920. *See Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976) (*per curiam*).

Accordingly, within fifteen days from the date of the order accompanying this memorandum, plaintiff shall specify the class-based discrimination underlying the § 1985 claim and, with the requisite factual specificity, the basis of the § 1983 claim against defendant, City of Allentown.