439 A.2d 165

**Behrooz NAZER, Appellant,**

**v.**

**SAFEGUARD MUTUAL ASSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Dec. 29, 1981.

Michael L. Levy, Philadelphia, for appellant.

Robert M. Silverman, Philadelphia, did not file a brief on behalf of appellee.

Before SPAETH, CAVANAUGH and O'KICKI,* JJ.

SPAETH, Judge:

This appeal is from an order sustaining preliminary objections and dismissing an action against an automobile insurance carrier for violation of the Unfair Insurance Practices

---

* Pres. Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

Act, Act of July 22, 1974, P.L. 589, No. 205, 40 P.S. § 1171.1 *et seq.* The lower court held that the complaint did not state a cause of action. We affirm.

Appellant's automobile was destroyed in an accident with an automobile driven by one Victor Rozier, who was driving with the permission of Thomas Rozier, appellee's insured. Appellee initially rejected appellant's claim, but when appellant brought suit against the Roziers, appellee offered him $1,000 for the value of his automobile. Appellant refused the offer, and the case went to arbitration. The arbitrators awarded appellant $1,200, which was the amount he had paid for his automobile two months before the accident, and was the amount he had demanded. Rather than paying the award, appellee appealed, spending, according to appellant's figures, approximately $275 in order to do so.

Appellant then commenced this action in trespass directly against appellee, alleging that its handling of his claim, including the initial complete rejection of the claim and the appeal from arbitration, constituted violations of various provisions of the Unfair Insurance Practices Act. In his complaint appellant asked for "judgment against the defendant in an amount in excess of $10,000 for [the] expenses, costs and attorneys [sic] fees incurred in [the underlying automobile accident litigation] and in punitive damages for the wilful violation of the Unfair Insurance Practices Act." Appellee filed preliminary objections to the complaint. In sustaining the objections and dismissing the complaint, the lower court held that the Unfair Insurance Practices Act does not confer rights on private parties, and that the only remedies provided by the Act are those which the Insurance Commissioner is authorized to pursue. Slip op. at 3.

■ Appellant's theory on appeal, expressed in his brief, Brief for Appellant at 2, 5, and repeated at oral argument, is that the Unfair Insurance Practices Act states the public policy of Pennsylvania, and that violation of that policy gives rise to a common law cause of action. However attractive this argument might otherwise be, it has been foreclosed by the Supreme Court in *D'Ambrosio v. Pennsyl-*

*vania National Mut. Casualty Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981), where the Court held that the sanctions provided by the Act were not to be supplemented by a judicially created cause of action.

■ The relief sought by appellant—judgment in excess of $10,000—is not what the Act provides as penalties for its violation. 40 P.S. § 1171.11. Appellant's suit may therefore not be viewed as an attempt by a private party to enforce the Act, and it is unnecessary for us to consider whether there are any circumstances in which such an attempt would be proper.

O'KICKI, J., files a dissenting opinion.

O'KICKI, Judge, dissenting:

On July 16, 1976, Appellant was struck from the rear by an automobile driven by Victor Rozier who was driving with the permission of Appellee's insured, Thomas Rozier. Appellant was driving his own motor vehicle, a 1971 Volkswagon Squareback which he had purchased two months before the accident for the sum of $1,200.00. The automobile was totally demolished and Appellant filed a claim for property damage for the total loss of the vehicle with Safeguard Mutual Assurance Company, the Appellee herein. The Appellee rejected the claim asserting as a basis that its insured was not at fault because of the weather conditions at the time of the accident. Appellant then instituted a suit against Victor and Thomas Rozier which was defended by the Safeguard. An Arbitration Hearing was scheduled. Immediately prior to the hearing an offer in settlement of $1,000.00 was made by Appellee and rejected by Appellant. This course of action was taken because Appellant felt since liability was clear that he was entitled to the value of the automobile as he bought it two months previously, i.e., the car would not have depreciated $200.00 in two months. The Appellee conceded liability during the Arbitration Hearing but presented no evidence concerning the value of Appellant's vehicle. An award of $1,200.00 was entered in favor of the Appellant which was appealed by Appellee, who also demanded a jury trial.

Appellant then filed this action against the Appellee under the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. § 1171.1 *et seq.*, seeking damages for breach of the public policy of this state as per the above-cited Act. Appellee's Preliminary Objections were filed and granted by the Trial Court and this appeal followed.

Appellant predicates his cause of action upon the fact that Appellee appealed a $1,200.00 award which was $200.00 over the $1,000.00 it was willing to pay in settlement. Appellee's appeal resulted in its cost of $275.00 in filing fees, etc. Thus, the Appellee paid $275.00 to avoid paying the $200.00 over its offered settlement amount. Appellant claims that this type of action on the Insurance Company's part is against the policy of the Unfair Insurance Practices Act, such policy being to define and prohibit unfair methods of competition or unfair or deceptive acts or practices. 40 P.S. § 1171.2.

Appellant further cites 40 P.S. § 1171.5(a) as the specific practices alleged that the Appellee has committed in violation of the Act. They are:

(vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear.

(vii) Compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons.

(xi) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insured or claimants to induce or compel them to accept settlements or compromises less than the amount awarded in arbitration.

The actions of Appellee are squarely addressed by our Legislature. The Appellant has standing to prove the alleged violations since he is a direct party in interest. Appellant could have elected to secure the participation of the Insurance Commissioner.

Although a line of cases throughout other jurisdictions have held that such actions are allowable as a "new tort", this independent cause of action has been rejected in our jurisdiction. *D'Ambrosio v. Pennsylvania National*, 494 Pa. 501, 431 A.2d 966 (1981) quoting Kircher, Insurer's Mistaken Judgment—A New Tort?, 59 Marq.L.Rev. 775 (1976). See also *Smith v. Harleysville Insurance*, 494 Pa. 515, 431 A.2d 974 (1981). Both of these cases have held:

> "There is no evidence to suggest, and we have no reason to believe, that the system of sanctions established under the Unfair Insurance Practices Act . . . must be supplemented by a judicially created cause of action . . . Surely it is for the Legislature to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers. In our view it is equally for the Legislature to determine whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous," *D'Ambrosio*, supra, 494 Pa. at 507, 431 A.2d at 970.

While the Act grants to the Commissioner the authority to commence a cause of action for such unfair practices enumerated above, and while the Insurance Commissioner is empowered to investigate the affairs of every person engaged in the business of insurance in this State to determine if the Act has been violated and to impose the allowed sanctions or civil penalties, 40 P.S. § 1171.7, § 1171.10, § 1171.11, the plaintiff has standing, as a member of the class protected by the legislation, to commence this action.

We recognize the fact that the Insurance Commissioner has authority to investigate unfair practices and commence the cause of action against these practices.

We also subscribe to the dicta of *D'Ambrosio v. Pennsylvania National*, 494 Pa. 501, 431 A.2d 966 (1981) (filed July 8, 1981) as stated in the body of our opinion.

However, we do not consider the action taken here by Plaintiff to embody such a "new tort" as stated in *D'Ambrosio*, supra. Rather, Plaintiff is a direct party in interest and, as such, is given the choice of commencing the action in his

name or by the recruitment of the Insurance Commissioner to do so.

The policy and practice of our legal system has never been to limit the rights of a person—but to expand them as justice requires. The courts are reluctant to require a party, who has an action in his own right, to exercise that right only through the discretion of another, i.e. the Insurance Commissioner in this case.

In this case, although Plaintiff could very well have allowed the Commissioner to take up arms in his behalf, he chose not to do so but elected instead to pursue the matter himself—a long recognized right attached to the basic Constitutional rights of each citizen.

Plaintiff's ability to choose such a course of action limits the occasions where he must "sit on his rights" until the Insurance Commissioner decides to file an action on his behalf.

This statutory interpretation leads to an efficient system of justice.

The order of the lower court should be reversed.