**D.W. REALTY, INC.**

v.

**HARFORD MUTUAL INSURANCE COMPANY.**

Civ. A. No. 83–3349.

United States District Court, E.D. Pennsylvania.

Nov. 23, 1983.

---

Jay Abramowitch, Reading, Pa., for plaintiff.

White & Williams, Marjory P. Albee, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Following the removal of this action from the Pennsylvania Court of Common Pleas, the defendant, Harford Mutual Insurance Company, filed the instant motion to dismiss Counts II through V, inclusive, of plaintiff's complaint pursuant to Fed.R. Civ.P. 12(b)(6). We have diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff, D.W. Realty, Inc., alleges that it entered into an insurance contract with the defendant on November 23, 1981. Under the terms of the contract, defendant was to provide fire insurance coverage for plaintiff's premises at 1236 Locust Street, Reading, Pennsylvania. On October 21, 1982, the premises were severely damaged as a result of a fire. After submitting proofs of losses and supporting appraisals, the plaintiff sought payment from the defendant. The defendant's denial of coverage by letter of February 14, 1983, led to plaintiff's institution of this lawsuit.

In Counts II through V, inclusive, of the complaint, which sound in tort, plaintiff seeks various compensatory, consequential and punitive damages for defendant's alleged bad faith refusal to pay plaintiff's claim. Specifically, plaintiff alleges that the defendant's denial of coverage flies in the face of information obtained by the defendant through its own thorough investigation of the "nature, extent and origin of the fire" as well as its determination of the "appropriateness" of losses claimed.

For purposes of the present motion, we assume as true the facts alleged by the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bartholomew v. Fischl*, 534 F.Supp. 161, 164 (E.D.Pa.1981).

■ In support of its motion to dismiss, defendant contends that Pennsylvania law does not provide for an action in tort for bad faith failure to pay a first-party insurance claim. Moreover, defendant argues that the Unfair Insurance Practices Act, 40 PA.STAT.ANN. § 1171.4 (Purdon 1982), does not give rise to a common law cause of action. We agree and will dismiss the counts in question.

The Supreme Court of Pennsylvania has expressly rejected the holding of *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 574, 108 Cal.Rptr. 480, 510 P.2d 1032, 1037 (1973), wherein the Supreme Court of California recognized "a cause of action in tort for breach of an implied covenant of good faith and fair dealing". *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 505–507, 431 A.2d 966, 968–970 (1981). Speaking for a majority of the Court, Justice Roberts stated that, through the enactment of the Unfair Insurance Practices Act, the Pennsylvania "Legislature has already made dramatic sweeping efforts to curb the bad faith conduct". *D'Ambrosio*, 494 Pa. at

**656**

505, 431 A.2d 966. The Court further held that there was "no reason to believe that the system of sanctions established under the Unfair Insurance Practices Act must be supplemented by a judicially created cause of action". *Id.* at 507, 431 A.2d 966. In addition, Justice Roberts clearly expressed the majority's view that the legislature had, in effect, preempted the field through its efforts to regulate insurance carriers. As such, the Pennsylvania Courts have chosen to leave to the legislature the determination of "whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous". *Id.* at 508, 431 A.2d 966.

■ Finally, we specifically address Count III of plaintiff's complaint which seeks punitive damages for a violation of the Unfair Insurance Practices Act, and demands judgment in excess of twenty thousand dollars. Such relief is not provided for in the Act as a penalty for its violation. 40 PA.STAT.ANN. § 1171.11 (Purdon 1982). Under analogous circumstances, the Pennsylvania Superior Court has barred such a claim. *Nazer v. Safeguard Mutual Assurance Company*, 293 Pa.Super. 385, 439 A.2d 165, 166 (1981); *Harrison v. Nationwide Mutual Fire Insurance Company*, No. 81–4957 slip op. at 8 (E.D.Pa. July 13, 1983). In addition, the court refused to consider the claim as "an attempt by a private party to enforce the Act". *Nazer*, 293 Pa.Super. at 388, 439 A.2d 165. Therefore, we need not decide whether the Act permits enforcement by one other than the insurance commissioner.

Having determined that, as to Counts II through V, inclusive, plaintiff can prove no set of facts upon which relief can be granted, we will dismiss the counts. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

An appropriate order will issue.