**John J. UNGER**

v.

**Frank T. HACKER, Arthur F. Taschler, Michael M. Hoffman, Richard T. Klock, Frederic Conjour, and the Township of Whitehall.**

**Civ. A. No. 83–3737.**

United States District Court,
E.D. Pennsylvania.

Dec. 21, 1983.

James T. Huber, Allentown, Pa., for plaintiff.

Richard C. Buss, Whitehall, Pa., for Hacker.

Phillip A. Ryan, Philadelphia, Pa., for Taschler, Hoffman, Klock, Conjour, and Tp. of Whitehall.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff John J. Unger filed this action pursuant to 42 U.S.C. § 1983. The complaint alleges, *inter alia*, that several members of the Whitehall Township Police Department, together with a private citizen and resident of the township, violated plaintiff's civil rights by unlawfully detaining, physically abusing and arresting him without probable cause.

Defendant Frank T. Hacker has moved for dismissal on the grounds that his status as a private citizen precludes any liability on his part as to the plaintiff's civil rights claim. Specifically, he contends that, as a private citizen, his actions cannot be shown to have been under color of state law as required by the statute. We disagree.

The defendant ignores Paragraph 30 of the complaint which alleges that he aided, abetted and conspired with the police defendants in depriving plaintiff of his civil

**144**

rights. It is well established that private parties who act in concert with officers of the state are acting under color of state law within the meaning of 42 U.S.C. § 1983. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186–187, 66 L.Ed.2d 185 (1980); *Black v. Bayer,* 672 F.2d 309, 318 (3d Cir.1982); *Vuksta v. Bethlehem Steel Corp.,* 540 F.Supp. 1276, 1281 (E.D.Pa. 1982). Moreover, for purposes of this motion, we must assume the veracity of the allegations contained in plaintiff's complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 474 (1976); *D.W. Realty v. Harford Mutual Insurance Co.,* 575 F.Supp. 654 at 655 (E.D.Pa.1983). Since the alleged conduct, if proven, would support a claim under § 1983, we will deny defendant's motion.