Thomas J. TOWNSEND

v.

Thomas G. FRAME, H.C. Debruyn, G. Williams, Theodore Schneider and James Freeman.

Civ. A. No. 83-3190.

United States District Court, E.D. Pennsylvania.

May 30, 1984.

Thomas J. Townsend, pro se.

John S. Halsted, Janet M. Colliton, Asst. Chester Co. Sol., West Chester, Pa., Thomas J. Rueter, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

The defendants have moved to dismiss this *pro se* civil rights complaint for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6).

The complaint alleges that on March 8, 1983, the plaintiff, an inmate at Chester County Prison, was "punched in the face" by a prison guard, G. Williams. It further alleges that in response to this incident, the plaintiff filed a complaint with prison authorities. Reacting to the complaint, the Chief of Security of Chester County Prison, Major H.C. DeBruyn, spoke to the plaintiff regarding the incident. Major DeBruyn told the plaintiff that he would inform the warden of the incident and that if any other problems arose, plaintiff should notify him (DeBruyn) immediately. According to the complaint, "[t]he problem contin-

ued". Instead of notifying prison authorities of the situation, plaintiff contacted the district attorney's office to press charges. When Chester County District Attorney James Freeman chose not to prosecute the case, plaintiff sent him a letter threatening to sue his office. It is alleged that, in response to this letter, the district attorney sent Theodore Schneider, an investigator, to look into the matter. The plaintiff complains that Schneider tried to "bribe [him] into not prosecuting" and further threatened that he would have to serve the maximum period of time on his sentence if he "proceeded with these motions". Finally, the complaint alleges that Thomas G. Frame is the Warden of Chester County Prison.

For purposes of a motion to dismiss, we must accept the veracity of plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *D.W. Realty, Inc. v. Hartford Mutual Insurance Company*, 575 F.Supp. 654, 655 (E.D.Pa.1983). Moreover, the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

In their memorandum in support of the motion, the defendants argue that the allegations in the complaint cannot support a civil rights cause of action. We agree and will grant their motion.

Although not specified in the complaint, plaintiff's allegations come closest to supporting a cause of action under 42 U.S.C. § 1983. We presume plaintiff is contending that the physical abuse he allegedly has suffered at the hands of G. Williams, a prison guard, amounts to a violation of his constitutional rights under the color of state authority. Specifically, plaintiff appears to be claiming that his mistreatment by Williams is a violation of either his Eighth Amendment right to be free of "cruel and unusual punishments" or, per-

haps, his Fourteenth Amendment right to due process.

■■ Affording the pleadings a liberal construction as mandated by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's allegations lack the specificity needed to establish a viable civil rights claim. *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976). The only *specific* conduct of which plaintiff complains is that he was struck in the face on a particular date by a prison guard, G. Williams. The circumstances surrounding the incident as well as what transpired thereafter are left to speculation. As correctly pointed out by the defendants, plaintiff gives no indication as to whether Williams' actions were either unprovoked or, contrarily, related to jail discipline. If the latter, it is not alleged that the amount of force used by Williams was improper under the circumstances. Plaintiff does not allege the extent or severity of his injuries, if any. In addition, he does not indicate whether Williams' conduct was part of a pattern or routine of physical abuse to which he was subjected or merely one incident among isolated incidents. As to the latter, it is well established that isolated torts which are cognizable under state law do not become constitutional violations solely because the complaining party is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Paul v. Davis*, 424 U.S. 693, 699–701, 96 S.Ct. 1155, 1159–1160, 47 L.Ed.2d 405 (1976); *George v. Evans*, 633 F.2d 413 415 (5th Cir.1980). In short, the complaint omits virtually all facts relevant to the incident and includes only the allegations that plaintiff was struck and "[t]he problem continued". Such vague and conclusory allegations fall short of providing the fair notice to which defendants are entitled so that they may properly defend the claim. *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980); *Rotolo v. Borough of Charleroi*, 532 F.2d at 922. Consequently, we will dismiss plaintiff's claim against the prison guard, G. Williams. However, mindful of the "dual objectives of weeding out frivolous claims and keeping the federal courts open to legitimate civil rights claims", our dismissal is without prejudice to plaintiff's filing an amended complaint within twenty days. *Rotolo v. Borough of Charleroi, supra* at 923.

We must likewise dismiss plaintiff's claims against the remaining defendants since they are based upon or developed from the same facts, or lack thereof, which form the basis for the claim against Williams. Nonetheless, additional reasons support the dismissal as to the remaining defendants.

■ The claims against Warden Thomas G. Frame and Major H.C. DeBruyn are premised solely on *respondeat superior*. Liability under § 1983 cannot be based on this theory. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 5611 (1976). Consequently, where, as here, the complaint fails to allege "personal involvement by [both Frame and DeBruyn] in the form of actual participation or acquiescence in the alleged unlawful conduct", there is no § 1983 liability. *Polsky v. Kelly*, Nos. 81–5301 and 82–5182 slip op. at 5–6 (E.D.Pa. May 15, 1984). As to Thomas G. Frame, the complaint states only that he is the warden in charge of the institution. With respect to Major DeBruyn, the plaintiff alleges that he called him into his office to inquire into the complaint. It is further alleged that he told plaintiff to contact him immediately if there were any further problems. There are no allegations that DeBruyn failed to investigate the incident or at least discuss it with Williams. There are also no allegations that plaintiff's administrative complaint was disregarded or handled any differently than any other such complaint. For these additional reasons, it is clear that dismissal is warranted as to Frame and DeBruyn.

■ Turning to District Attorney Freeman, plaintiff's claim as to him is based upon Freeman's exercise of discretion in not prosecuting Williams at plaintiff's behest. A prosecutor is immune from civil liability for decisions concerning the initia-

tion of a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 427, 431, 96 S.Ct. 984, 993, 995, 47 L.Ed.2d 128 (1976). Therefore, plaintiff's claim against Freeman clearly must be dismissed.

 It would likewise appear that the district attorney's immunity extends to his investigator for those acts undertaken as part of the quasi-judicial process of initiating a prosecution. *Atkins v. Lanning*, 556 F.2d 485, 489 (10th Cir.1977); *Waits v. McGowan*, 516 F.2d 203, 207 (3d Cir.1975). However, plaintiff's claim against Thomas Schneider is not based upon the district attorney's refusal to prosecute Williams, but rather upon an alleged threat made by Schneider during the course of his investigation. This claim is without merit. Plaintiff alleges that Schneider threatened him with having to serve the maximum amount of time on his sentence if he didn't stop badgering the district attorney's office about prosecuting Williams. It is presupposed that an individual has a constitutionally provided right before a threatened harm can produce a chilling effect on the exercise of that particular right. In the case at bar it is clear that the plaintiff had no constitutional right to have Williams criminally prosecuted. That determination was within the sole discretion of District Attorney Freeman. Therefore, any threat which Schneider may have made which was directed at stopping plaintiff's incessant urging of a prosecution of Williams did not interfere with any of plaintiff's constitutionally protected rights. Moreover, the harm which was threatened apparently has not come to fruition. Hence, absent allegations that Schneider caused plaintiff to be denied parole solely because of his attempts to press criminal charges against Williams, the claim against Schneider must be dismissed.

In keeping with the Third Circuit's admonition that district courts "allow liberal amendment of civil rights complaints under FED.R.CIV.P. 15(a)", plaintiff's claims against Frame, DeBruyn, Freeman and Schneider are likewise dismissed without prejudice to his filing an amended com-

plaint within twenty days. *Rotolo, supra* at 923.