James L. MARTIN

v.

LITTLE, BROWN & COMPANY, INC.

Civ. A. No. 83–4229.

United States District Court,
E.D. Pennsylvania.

July 24, 1984.

James L. Martin, pro se.

Arnold Borish, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff, James L. Martin, a *pro se* litigant, claims to have performed certain

work for the defendant for which he has not been paid. He seeks damages under either a contract or quasi-contract theory. The defendant, Little, Brown and Company, has moved to strike the complaint. It argues, *inter alia*, that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $10,000.00.[1]

Briefly spoken, the plaintiff maintains that he discovered and brought to the defendant's attention that another publisher was improperly using portions of one of the defendant's publications. He alleges that he provided the defendant with research materials which it used to support a copyright infringement case against the other publisher. The defendant and the infringing publisher reached a monetary settlement of the matter. It is alleged that the settlement sum was substantial and that the defendant agreed to pay the plaintiff one-third of that figure.

In support of its motion, the defendant includes the affidavit of its Executive Vice President, George A. Hall. Mr. Hall states that the copyright infringement matter was resolved for $2,000.00 plus $870.00 in legal fees. A copy of the check for $2,870.00 is also attached to the motion. Therefore, the defendant contends that the plaintiff cannot meet the requisite jurisdictional amount and the case should be dismissed.

▮ Ordinarily, for purposes of a motion to dismiss,[2] we must accept the veracity of the plaintiff's well-pleaded factual allegations. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *D.W. Realty, Inc. v. Hartford Mutual Insurance Company*, 575 F.Supp. 654, 655 (E.D.Pa.1983). However, where, as here, a party raises a question as to the court's jurisdiction, "the Court need not assume the plaintiff's allegations to be

true". *Amoco Oil v. Local 99 International Brotherhood of Electrical Workers*, 536 F.Supp. 1203, 1209–1210 n. 8 (D.R.I. 1982). Instead, "the Court may inquire, by affidavits or otherwise, into the [jurisdictional] facts as they exist". *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947).

▮ Although the complaint alleges damages sufficient to invoke this Court's jurisdiction, the defendant's motion and supporting affidavit and exhibits directly contradict that allegation. Moreover, in his opposition to the motion, the plaintiff has not produced evidence, by affidavit or otherwise, sufficient to meet that of the defendant on the issue of jurisdictional amount. Therefore, we will dismiss plaintiff's cause of action for lack of subject matter jurisdiction.[3]

An appropriate order follows.

---

1. The defendant also argues that the plaintiff has failed to state a claim upon which relief can be granted and that this action is barred by the doctrine of *res judicata*. We do not decide these issues.

2. Although entitled "Defendant's Motion to Strike", it is clear that the defendant's motion seeks a dismissal of the instant matter on jurisdictional grounds.

3. The record reflects that the United States District Court for the District of Massachusetts dismissed on the same basis an identical action brought there by the plaintiff, James L. Martin. *See, Martin v. Little, Brown and Company, Inc.*, No. 80–1636–N slip op. at 2 (D.Mass. June 30, 1981).