### LOGICAL MINICOMPUTERS OF ERIE, INC., Plaintiff,

v.

### Harry M. FOX, Defendant.

### Civ. A. No. 84-219 ERIE.

United States District Court,
W.D. Pennsylvania.

Feb. 20, 1985.

Michael Dunlavey, North East, Pa., for plaintiff.

Wallace J. Knox, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff alleges a cause of action under 42 U.S.C. § 1983 against defendant in his individual capacity. Defendant is and was at all times relevant to this action a County Commissioner of Armstrong County, Pennsylvania. A county commissioner in Pennsylvania is a member of the three person board which constitutes the governing body, legislative and executive of a county. It is alleged that defendant's actions described in the complaint were done under

color of state law because of defendant's position as County Commissioner. Jurisdiction is asserted under 28 U.S.C. § 1343.

Plaintiff's cause of action sounds in defamation. It is alleged in the complaint that defendant, in his capacity as County Commissioner, sent to Commissioners of other counties certain communications which contained defamatory materials directed against plaintiff which interfered with plaintiff's present or prospective business relationship with those counties.

Defendant has moved for summary judgment on the grounds that defendant was not acting under color of state law and that plaintiff has not been deprived of any property interest. We ordered the filing of a response, supporting evidentiary material, and briefs.

Defendant did not file any supporting evidentiary material with his motion and we are at a loss to know why Fed.R.Civ.P. 56 was employed rather than a Fed.R. Civ.P. 12(b)(6) motion which can be made at any time. Because this is essentially a motion under Rule 12(b)(6), for failure to state a claim upon which relief can be granted we must apply the rule of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Despite defendant's failure to present an issue of fact in its motion, plaintiff's response valiantly presents evidentiary matter to sustain his complaint. Plaintiff had attached the alleged defamatory communications as exhibits to its complaint, despite the admonition of Fed.R.Civ.P. 8 which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." These communications were carried upon the letterhead of "The Board of Commissioners of Armstrong county" and bore defendant's signature as "Harry M. Fox, Commissioner." In addition, plaintiff's brief in opposition to the motion points to defendant's answer and his deposition testimony that he acted in his capacity as a County Commissioner and in behalf of Armstrong County. (It would be better practice to make such offers of evidence as part of the record, by incorporating or attaching them to the Response filed with the Clerk so that any reviewing authority may see them; briefs are not part of the docket record).

Defendant must not only face the *requirement of Conley v. Gibson, supra,* but in moving for summary judgment must face the rule that all matters presented in connection with the motion must be construed most strongly in favor of the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Thus there appears to be from the movant's own pleadings, no genuine issue of material fact as to the essential element of state action as pleaded in plaintiff's complaint. There is no denial that all of defendant's actions were performed under the color of his office as County Commissioner.

■ Defendant's only argument on the question of action under color of state law is that his actions as a County Commissioner are *ultra vires* without official authority or significance outside the county where he presides. Nevertheless all of the communications, public statements and press releases were issued from his office at the Armstrong County Courthouse in Kittanning, Pennsylvania, and were carried in the news media of that and other counties. While the effect here has been alleged to include damage in other counties, nevertheless the action took place in the seat of defendant's power and part of the damage allegedly occurred in Armstrong County itself. We cannot find that because the effect of these statements and communications allegedly harmed plaintiff in other counties they cannot be considered as lacking the "color of state law" which is essential for a Section 1983 cause of action.

■ Defendant's second ground for summary judgment is that the Civil Rights Act

does not give rise to a cause of action for defamation because defamation does not involve the infringement of a constitutional right, citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). However, the Court said that "the weight of our decision establishes no constitutional doctrine converting *every* defamation by a public official into a deprivation of liberty ...". The Court continued, "reputation alone, apart from some more tangible interest such as employment ...".

The complaint alleges that as a direct and proximate result of defendant's defamatory actions that plaintiff lost a bid with Westmoreland County, and had bids with Erie County and Armstrong County jeopardized. Because this is essentially a Rule 12(b)(6) motion attacking the sufficiency of the complaint we must allow plaintiff to prove any set of facts which can support the allegation.

The plaintiff has alleged a deprivation of a liberty interest, "later opportunities for employment" which is entitled to constitutional protection, *Goss v. Lopez*, 419 U.S. 565, 575, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975). It has alleged the curtailment of economic opportunities caused by the defamatory nature of defendant's statement which is a proper claim under Section 1983, *McKnight v. Southeastern Pennsylvania Transportation Authority*, 583 F.2d 1229 (3d Cir.1978). *See also Robb v. City of Philadelphia*, 733 F.2d 286 (3d Cir.1984); *Perri v. Aytch*, 724 F.2d 362 (3d Cir.1983); *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

This is not a disappointed bidder who alleges that he has been deprived of due process in the award of the bid and brings suit against the public body whose alleged wrongful actions deprived him of the contract, as in *Teleprompter of Erie, Inc. v. City of Erie*, 567 F.Supp. 1277 (W.D.Pa. 1983). It is a suit against a third party, whose alleged defamatory communications interfered with plaintiff's legitimate expectations. Whether or not those economic expectations are legitimate cannot be decided now at this state of the record; it is enough that plaintiff has plead them and defendant has not come forth with evidence to show that there is no genuine issue of material fact as to this allegation. See also, *Bartholomew v. Fischl*, 534 F.Supp. 161 (E.D.Pa.1981); *Petrone v. City of Reading*, 541 F.Supp. 735 (E.D.Pa.1982); and *Skrocki v. Caltabiano*, 505 F.Supp. 916 (E.D.Pa.1981). The complaint asserts a proper claim under 42 U.S.C. § 1983.