**William I. KAUFMAN, Plaintiff,**

**v.**

**McCRORY STORES DIVISION OF McCRORY CORP., (N.Y.) sub of Rapid American Corp. (Del.); Helena L. Bowes, Individual; Geiger & Loria Reporting Service, Inc. (Penna); Defendants.**

**Civ. A. No. 85–0504.**

United States District Court, M.D. Pennsylvania.

July 25, 1985.

William I. Kaufman, Harrisburg, Pa., pro se.

James R. Ronca, Schmidt & Ronca, Harrisburg, Pa., for Bowes and Geiger & Loria.

Patricia A. Butler, York, Pa., for McCrory Corp and Rapid-American.

MEMORANDUM

CALDWELL, District Judge.

I. *Introduction.*

Plaintiff, William Kaufman, has filed a *pro se* complaint, alleging that defendants violated his civil rights under 42 U.S.C. § 1983. Defendants, Geiger & Loria Reporting Service (Geiger & Loria) and Helena Bowes, have moved to dismiss the complaint for failure to state a claim. Defendants, McCrory Stores Division of McCrory Corp. (McCrory Corp.) and Rapid American Corp., after filing an answer, have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

The main issue presented is whether a privately employed stenographer who is also a notary public acts under color of state law when she records and transcribes the depositions of witnesses as part of the discovery process in a civil action.

II. *Background.*

Plaintiff's claim arises from two depositions taken in preparation for a separate lawsuit brought by him against Penn Needle Art Co. in the Court of Common Pleas of Allegheny County, Pennsylvania for unpaid sales commissions. Defendant, Helena Bowes, a stenographer employed by defendant, Geiger & Loria, administered oaths to the deponents, recorded their testimony, and was responsible for transcribing the depositions. Defendant McCrory Corp., a subsidiary of defendant, Rapid-American Corp., employed the two deponents. Plaintiff was not satisfied with the outcome of the state court action and blames the defendants. He asserts that the two McCrory Corp. employees falsely testified at their depositions and Bowes omitted, and changed, portions of the testimony in the transcription. Plaintiff claims all the defendants conspired together to accomplish these goals which violated his rights under the Fourteenth Amendment.

III. *Discussion.*

42 U.S.C. § 1983 provides relief from conduct committed by persons acting under color of state law and violative of federally protected rights. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). While plaintiff alleges a violation, inter alia, of his right to due process, we believe that he has failed to show that defendants acted under color of state law. Plaintiff tries to satisfy the latter requirement by relying upon Bowes's status as a notary public and as a stenographer who plays a part in judicial proceedings. He also points out that Virginia Loria, the owner of Geiger & Loria, is also a notary public and was formerly employed as a

court reporter in this court. Hence, in his view, they are state officials for the purposes of section 1983. With regard to the other defendants, he claims that their partaking in the conspiracy with these state actors makes them liable as well. *See Unger v. Hacker,* 578 F.Supp. 143 (E.D.Pa. 1983).

Plaintiff cannot look to Virginia Loria to supply the necessary state action here. First, she had no personal involvement in the conduct forming the basis of plaintiff's claim. Thus, it is irrelevant that she is a notary public or court reporter herself. *See Prochaska v. Fediaczko,* 473 F.Supp. 704 (W.D.Pa.1979). Second, her former employment by the federal government cannot constitute state action in the present.[1] Finally, despite plaintiff's contention to the contrary, only respondeat superior could involve Loria in this action and that doctrine is inapplicable to civil rights claims. *See United States ex rel. Flores v. Cuyler,* 511 F.Supp. 386 (E.D.Pa. 1981).

Plaintiff's argument concerning Bowes is more plausible. She is a notary public and, of course, unlike Loria, had personal involvement in the conduct giving rise to plaintiff's complaint. In Pennsylvania, qualified individuals are eligible for the "office of notary public," The Notary Public Law, Act of August 21, 1953, P.L. 1323, § 3, *as amended,* 57 P.S. § 149 (Purdon Supp.1985). Notaries public are commissioned by the Secretary of the Commonwealth, 57 P.S. § 151 (Purdon Supp.1985), for a term of four years. 57 P.S. § 148. Their duties include the power to administer oaths and affirmations, *id.* at § 162, and to take depositions. *Id.* at § 164. Superficially, it would appear that Bowes was thus acting under color of state law when she was recording the depositions, and, consequently, subject to suit under the Civil Rights Act of 1871. Based upon case law, however, we must conclude otherwise.

In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court reiterated the well established standard for determining when a person has acted under color of state law for the purposes of section 1983:

> In *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), this Court held that a person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*Id.* at 317–18, 102 S.Ct. at 449, 70 L.Ed.2d at 516; *see also Henig v. Odorioso,* 385 F.2d 491 (3d Cir.1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968); *Augenti v. Cappellini,* 84 F.R.D. 73 (M.D.Pa.1979).

Using the foregoing test, the Court held that a public defender, a full time employee of the petitioner county, was not acting under color of state law, and thus not amenable to suit under section 1983, when she withdrew as counsel on respondent Dodson's appeal of a state criminal conviction. The Court concluded that:

> In this case the Offender Advocate for Polk County assigned Martha Shepard to represent Russell Dodson in the appeal of his criminal conviction. *This assignment entailed functions and obligations in no was dependent upon state authority.* From the moment of her appointment, Shepard became Dodson's lawyer, and Dodson became Shepard's client. Except for the source of payment, their relationship became identical to that existing between any other lawyer and client.

*Id.* 454 U.S. at 318, 102 S.Ct. at 449, 70 L.Ed.2d at 516 (emphasis added).

*Polk County* is dispositive of plaintiff's claim here. The complaint clearly reveals

1. Additionally, we note in passing that her former status as a *federal* employee could not, in any event, support a claim under section 1983 which redresses wrongs committed by *state* actors. The distinction may not be of much substance, however, since plaintiff has an equivalent cause of action directly under the federal constitution. *See Shabazz v. Odum,* 591 F.Supp. 1513, 1515 n. 2 (M.D.Pa.1984).

that Bowes was hired in her capacity as a privately employed stenographer to record the testimony of the two deponents. Stenographers are not licensed by Pennsylvania and anyone may engage in this occupation who feels he or she has the necessary competence. Thus, just as in *Polk County,* there was no action under color of state law here because Bowes's "assignment entailed functions and obligations in no way dependent upon state authority." *Id.*

The issue of state action arises in this case merely because, in accordance with custom, Bowes had obtained her commission as a notary public, so that as a matter of convenience to the litigants she could administer the oath or affirmation to the deponents. Significantly, plaintiff's claim does not arise from these actions of Bowes which could only have been performed in her capacity as a notary public. If the claim did, then possibly state action would be present here since then Bowes would have been exercising power made possible *only because* she was clothed with the authority of state law.[2] Because plaintiff is alleging, however, only that Bowes altered, and omitted portions of, the depositions, a power Bowes possessed regardless of state law, plaintiff's section 1983 claim must fail.[3]

We will issue an appropriate order.

2. In *Polk County,* the Court suggested that there may be cases in which a public defender could be found to have acted under color of state law if the defender was acting in a capacity other than the traditional courtroom role. *Id.* at 324–25, 102 S.Ct. at 453, 70 L.Ed.2d at 520–21.

3. Because of our disposition of the state action issue, we need not consider defendants' remaining arguments for not permitting plaintiff to proceed any further with this case.