496 A.2d 811

**John L. RODGERS and Delores M. Rodgers, Appellants,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY and John F. Lewis.**

Superior Court of Pennsylvania.

Argued April 16, 1985.

Filed Aug. 2, 1985.

312

Jerome H. Ellis, Philadelphia, for appellants.

Bruce W. McCullough, Philadelphia, for appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

In this appeal, appellants ask us to consider whether they can recover, in either a trespass or an assumpsit action, damages for emotional distress allegedly caused by the bad faith conduct of their insurer. We hold that, pursuant to *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981), appellants are not permitted to recover the requested relief in a trespass claim, and that further, appellants failed to establish a sufficient claim for damages for emotional distress in their assumpsit action. Thus, we affirm the order of the lower court.

John L. Rodgers was a Nationwide insured and was involved in an accident with a pedestrian, William Irons, Sr., on October 17, 1977. Mr. Irons and his wife commenced suit against Rodgers; Rodgers was served with the Irons' complaint on December 12, 1978. Rodgers sent said complaint to Nationwide on the following day. No action was taken on Rodgers' behalf, and on January 8, 1979, a default judgment was entered against him for failure to timely enter an appearance or to answer the complaint. On January 10 or 11, 1979, John F. Lewis, house counsel for

Nationwide, entered his appearance on Rodgers' behalf. Counsel then filed a petition to open judgment alleging that Rodgers' "failure to timely enter an appearance or respond to [the Irons'] complaint was due to mistake, inadvertance, and oversite of the United States Postal Service, his insurance company and/or his attorney and further was in no way caused by any action or inaction on his part." *See* Petition to Open Default Judgment at 2, reproduced in Supp.R.R. for Appellees at 379A. The petition to open judgment was subsequently denied.[1]

The default judgment was recorded and a lien was entered against Rodgers' real estate. Appellants claim that the judgment and the resulting lien rendered them unable to obtain refinancing of their home, to consolidate their debts, and to pay their debts as they became due, and that they were therefore forced to file a petition in bankruptcy.

Appellants filed the instant complaint in December, 1979, alleging that the conduct of appellees Nationwide and John Lewis caused various injuries to both Mr. and Mrs. Rodgers. On behalf of Mr. Rodgers an assumpsit count was filed, averring that Nationwide's breach of its contractual obligations resulted in irreparable damage to his credit and caused him great personal humiliation, embarrassment, and emotional distress. Two trespass counts averred that appellees' negligence and/or recklessness similarly caused Mr. Rodgers to suffer the above-listed damages; one of the trespass counts also demanded that punitive damages be imposed upon appellee Nationwide. The complaint also contained identical assumpsit and trespass counts on behalf of Mrs. Rodgers.

Following discovery, appellees filed a motion for partial summary judgment, contending that, as a matter of law, appellants are not entitled to recover damages for emotional distress or punitive damages. Appellants then filed an answer to appellees' motion. After oral argument, the lower court granted the motion for partial summary judg-

1. The underlying action, *Irons v. Rodgers,* was ultimately settled for $9,000.00.

ment. On July 12, 1984, the Honorable Lawrence Prattis issued an opinion and order dismissing appellants' trespass counts, and those portions of the assumpsit counts seeking damages for emotional distress.[2] Appellants filed this timely appeal.

Appellants state the issues presented for our consideration as follows:

> I. Whether an insured may recover in assumpsit the damages for emotional distress caused by an insurer's reckless and willful breach of its contractual duty to represent and defend its insured.

> II. Whether an insured may bring an action in trespass for emotional distress and punitive damages because of an insurer's bad faith and reckless conduct in failing to represent or defend its insureds.

Brief for Appellants at 3.

■ We first address appellants' second issue, i.e., that their trespass counts seeking emotional distress and punitive damages were improperly dismissed. Appellees aver, and the lower court found, that an insured may not bring an action in trespass to obtain damages for emotional distress and punitive damages based upon allegations of an insurer's bad faith conduct where remedies for such conduct are within the purview of the Unfair Insurance Practices Act, 40 P.S. §§ 1171.1–.15.[3] We agree.

In *D'Ambrosio v. Pennsylvania National Mutual Casualty Co.*, 494 Pa. 501, 431 A.2d 966 (1981), the Pennsylvania Supreme Court expressly refused to adopt the approach of the Supreme Court of California, which allows recovery of emotional distress and punitive damages based upon an insurer's bad faith conduct in denying a claim. *See Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 510 P.2d

---

2. Although the order in question is vague, the opinion issued the same day clarifies that this is indeed the result intended by the lower court. The arguments set forth by the parties imply that they agree that the lower court intended to dismiss the trespass counts in toto and those portions of the assumpsit counts seeking damages for emotional distress.

3. Act of July 22, 1974, P.L. 589, No. 205.

1032, 108 Cal.Rptr. 480 (1973). Our high court reasoned that the Unfair Insurance Practices Act provides sufficient means by which unfair insurance practices and "bad faith" conduct could be deterred. Therefore, the court found that there was no need to supplement the Act with a new, judicially created cause of action arising out of those same practices which would allow punitive damages and damages for emotional distress.

There is no evidence to suggest, and we have no reason to believe, that the system of sanctions established under the Unfair Insurance Practices Act must be supplemented by a judicially created cause of action. As one critic of California's approach has observed,

> "[t]he California courts have created this 'new tort' in an obvious attempt to afford more protection to insureds. However, it has not really been established that there is a need of this additional protection. * * * State insurance departments are intended to serve the public and handle complaints from insureds as to insurer practices on a regular basis. Likewise, state legislatures are capable of prohibiting what are considered to be unfair claims handling practices and of imposing penalties for violations."

Kircher, Insurer's Mistaken Judgment—A New Tort?, 59 Marq.L.Rev. 775, 786 (1976). Surely it is for the Legislature to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers. In our view, it is equally for the Legislature to determine whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous.

Our conclusion that the Unfair Insurance Practices Act serves adequately to deter bad faith conduct applies not only to appellant's attempt to recover punitive damages but also to his attempt to recover damages for "emotional distress." An award of punitive damages unquestionably is a deterrent device, see Restatement (Second) of Torts § 908 (1965); Restatement (Second) of Contracts § 369

(Tent. Draft No. 14, March 1, 1979), one which is unnecessary in view of the present legislatively-created regulatory scheme. And in the vast majority of cases an award of emotional distress damages would accomplish no more than is already accomplished by the Unfair Insurance Practices Act. Dean Murray has observed:

"While it is often suggested that such damages, when granted, are compensatory rather than punitive, the impression is often created that they are granted more for the purpose of discouraging the contract breaker through the use of a deterrent than attempting to evaluate mental distress on a pecuniary basis. In addition, it is difficult, if not impossible, to draw an incisive line between compensatory and punitive damages."

Murray on Contracts § 232 at 472 (1974). Similarly, Professor Dobbs has stated:

"Probably there is some thought, too, that mental distress damages closely resemble punitive damages in many instances and that such damages should be denied in all those cases where punitive damages are denied."

Dobbs on Remedies § 12.4 at 819 (1973). Thus we hold that the count in trespass for alleged bad faith conduct of an insurer, which seeks both punitive damages and damages for emotional distress, must be rejected.

*D'Ambrosio, supra,* 494 Pa. at 507–09, 431 A.2d at 970 (footnote omitted).

*D'Ambrosio* controls the resolution of appellants' second issue. Appellants argue that the Unfair Insurance Practices Act permits causes of action such as those they have alleged. In support of this contention, appellants cite specific provisions of the Act and refer to its legislative history. It is clear, however, that the *D'Ambrosio* court thoroughly examined and considered the Act and finally concluded that the Act and its administrative remedies were exclusive unless and until the legislature provided otherwise. There

has been no change in the law since *D'Ambrosio* that would justify abandonment of its holding.[4]

In their remaining issue, appellants argue that they should be permitted to recover damages for emotional distress caused by the breach by Nationwide of its contract to represent and defend them. It is quite clear that under Restatement of Contracts § 341 (1932), which has been cited previously by Pennsylvania courts, *see, e.g., Gefter v. Rosenthal,* 384 Pa. 123, 119 A.2d 250 (1956) (concurring and dissenting opinion by Musmanno, J.); *Emerman v. Baldwin,* 186 Pa.Super. 561, 142 A.2d 440 (1958), appellants are not entitled to recover damages for emotional distress. Section 341 states:

> In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss.

Assuming without deciding that appellants alleged a wanton or reckless breach of contract on the part of Nationwide, it is clear that they did not allege that this breach caused bodily harm. Furthermore, as the lower court properly pointed out, "The case at bar presents no factual averments of a breach of contract of the character that Nationwide had reason to know, *at the time the parties made the contract,* that the breach would cause mental

4. For Pennsylvania cases following the *D'Ambrosio* decision see, *e.g., Smith v. Harleysville Ins. Co.,* 494 Pa. 515, 431 A.2d 974 (1981); *Myers v. USAA Cas. Ins. Co.,* 298 Pa.Super. 366, 444 A.2d 1217 (1982); *Nazer v. Safeguard Mut. Assur. Co.,* 293 Pa.Super. 385, 439 A.2d 165 (1981); *Evans v. Gov't Employees Ins. Co.,* 291 Pa.Super. 342, 435 A.2d 1258 (1981). For federal cases also following *D'Ambrosio* see, *e.g., Keene Corp. v. Ins. Co. of N.Am.* 597 F.Supp. 934 (D.D.C.1984); *Harrison v. Nationwide Mut. Fire Ins. Co.,* 580 F.Supp. 133 (E.D.Pa.1983); *Layton v. Liberty Mut. Fire Ins. Co.,* 577 F.Supp. 1 (E.D.Pa.1983); *Commercial Union Assur. Co. v. Pucci,* 523 F.Supp. 1310 (W.D.Pa.1981).

suffering for reasons other than pecuniary loss." Lower ct. op. at 3 (emphasis in original).

Appellants contend, however, that they should be permitted to recover damages for emotional distress pursuant to an exception carved out of the general rule stated in the *D'Ambrosio* decision that such damages are not recoverable. In footnote five, the *D'Ambrosio* court stated:

> The possibility cannot be ruled out that emotional distress damages may be recoverable on a contract where, for example, "the breach is of such a kind that serious emotional disturbance was a particularly likely result." Restatement (Second) of Contracts § 367 (Tent. Draft No. 14, March 1, 1979). The present record falls far short of establishing such a breach.

*D'Ambrosio, supra* 494 Pa. at 509 n. 5, 431 A.2d at 970 n. 5. The Restatement provision cited in this footnote is now found at Restatement (Second) of Contracts § 353 and states in full:

> § 353.  Loss Due to Emotional Disturbance
> Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result.

First, we note that this provision has not been adopted in Pennsylvania. *Mason v. Western Pennsylvania Hospital,* 499 Pa. 484, 494, 453 A.2d 974, 980 (1982) (concurring and dissenting opinion by Nix, J.). Furthermore, even were we to follow this provision, we do not believe that the circumstances of this case warrant recovery for emotional distress.

■ As Comment "a" to section 353 points out, damages for emotional disturbance are not ordinarily allowed in breach of contract cases. There are, however, two exceptions. The first is where the emotional distress is accompanied by bodily harm. As we have already stated, the appellants have not alleged any bodily injury. The second exceptional situation occurs when

the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result. Common examples are contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death. Breach of such a contract is particularly likely to cause serious emotional disturbance. Breach of other types of contracts, resulting for example in sudden impoverishment or bankruptcy, may by chance cause even more severe emotional disturbance, but, if the contract is not one where this was a particularly likely risk, there is no recovery for such disturbance.

Restatement (Second) at Contracts § 353, Comment "a."

The contract in this case "was not one whose breach is recognized as being particularly likely to cause emotional distress." *Rittenhouse Regency Affiliates v. Passen*, 333 Pa.Super. 613, 616, 482 A.2d 1042, 1043 (1984). "For a case to fall within the exception, not only must the subject matter be fundamental, but defendant's conduct must be something close to outrageous." *Harrison v. Nationwide Mutual Fire Insurance Co.*, 580 F.Supp. 133, 135–36 (E.D. Pa.1983). In *Mason v. Western Pennsylvania Hospital, supra,* Justice Nix (now Chief Justice) mentioned the *D'Ambrosio* footnote in his concurring and dissenting opinion. He observed, however, that the *D'Ambrosio* exception had not yet been met, and suggested that circumstances must indeed be compelling in order to allow recovery of emotional distress damages under an assumpsit claim. In that case, where defendant hospital negligently performed a sterilization operation and plaintiff later became pregnant, Justice Nix rejected "the proposition that a reasonable person is likely to become seriously emotionally disturbed by the foiling of his or her choice concerning procreation." *Mason, supra* 499 Pa. at 494, 453 A.2d at 980.

Similarly, we find that the contract and breach in the case at bar were not such as to support a conclusion that serious emotional disturbance was a particularly likely

result. Thus, the lower court did not err in dismissing those portions of the assumpsit counts seeking damages for emotional distress.

Order affirmed.