# Leitzel v. Nationwide Insurance Co.

*John D. Miller Jr.,* for plaintiff.
*Patricia A. Butler,* for defendant.

CASSIMATIS, *J.,* December 29, 1988 — This matter is before the court on defendant's preliminary objections in the form of demurrers and motions to strike.

Plaintiff was injured in an automobile accident on May 6, 1987. Plaintiff was insured under a contract of automobile insurance with defendant at the time. On August 27, 1987, plaintiff filed the necessary application to receive first-party benefits for medical and income loss under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. Defendant has paid part of the claim, but has refused to pay the remainder of the claim.

Plaintiff filed this instant suit, alleging violations of the Motor Vehicle Financial Responsibility Law, and the Unfair Trade Practices and Consumer Protection Law (73 Pa.C.S. §201-1 et seq.). Plaintiff seeks punitive damages and counsel fees for defendant's bad faith refusal, in addition to the remaining amount of her claim.

Defendant has made several preliminary objections and briefs have been filed.

Defendant's first objection is in the form of a demurrer to count II of plaintiff's complaint. In count II, plaintiff alleges that defendant has violated the Motor Vehicle Financial Responsibility Law which, in turn, is a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL). Defendant points out that Pennsylvania does not recognize a private cause of action under UTPCPL for violations of the Motor Vehicle Financial Responsibility Law and implies that if plaintiff has a cause of action, it would be more properly brought under the Unfair Insurance Practices Act (40 Pa.C.S. §1171 et seq.). Neither side cites any cases addressing the coupling of the Motor Vehicle Financial Responsibility Act and UTPCPL, nor do any cases appear to date. An insured may maintain a private cause of action under UTPCPL even though the allegations fall within the acts and practices addressed by the Unfair Insurance Practices Act. *Pekular v. Eich,* 355 Pa. Super. 276, 286, 513 A.2d 427, 432 (1987). In drafting the UTPCPL, the legislature sought mainly to stop fraud, but also addressed prevention of other unfair acts. The UTPCPL is to be construed liberally to effect its object of preventing unfair or deceptive practices. *Id.,* citing *Commonwealth v. Monumental Properties,* 459 Pa. 450, 329 A.2d 812 (1974). Pennsylvania courts have repeatedly held that violations of other statutes be treated as violations of the Consumer Protection Statute. There is no indication of an intent to exclude a class or classes of transactions from the UTPCPL. The thrust of inquiry must instead examine whether the UTPCPL can co-exist with the Motor Vehicle Financial Responsibility Law. In the absence of a manifestly contrary intention of the legislature two apparently conflicting statutes must be construed so both are allowed to

operate. *Pekular, supra,* citing *Young v. Young,* 320 Pa. Super. 269, 467 A.2d 33 (1983).

The Motor Vehicle Financial Responsibility Law is designed to facilitate payment of benefits to the insured. If the insurer is found to have acted in an unreasonable manner in refusing to pay benefits when due, the insurer shall pay, in addition to benefits owed and interest thereon, a reasonable attorney's fee based upon actual time expended. 75 Pa.C.S. §1716. The insurer must have acted with no reasonable foundation. 75 Pa.C.S. §1798(b). We look to the Unfair Insurance Practices Act to set forth the qualities reaching "unreasonableness." Failure to act promptly, and delay in investigation and settlement constitute unreasonable behavior. 40 Pa.C.S. §1171.5(10).

There is nothing in the legislation of the Motor Vehicle Financial Responsibility Law which makes it the exclusive remedy.[1]

In our analysis, we conclude both statutory remedies coexist. The UTPCPL is aimed at providing for the aggrieved consumer a private statutory remedy to compensate for statutorily defined wrongs in the course of trade or business, 73 Pa.C.S. §201-3; *Pekular, supra.* "Trade" includes advertising, offer

---

1. Prior to amendment 7, 75 Pa.C.S. §1703 stated, "this chapter shall not be construed as preventing plaintiff in any action from relying upon other remedies provided by law." This was deleted upon enactment of act 1984 Feb. 12, P.L. 26, §3.

Statutes are to be interpreted in light of antecedent case law. Changes are not to be inferred by the mere omission of language nor by implication. *Truck Terminal Realty Co. v. Pennsylvania Dept. of Transportation,* 486 Pa. 16, 403 A.2d 986 (1979). No case law has been cited to support the allegation that the Motor Vehicle Financial Responsibility Act is an exclusive remedy. At best, the deletion of this sentence posits a legislative trend.

for sale, sale or distribution of any services. 73 Pa.C.S. §201-3(a)(2)(3). We find at the outset, plaintiff may maintain her cause of action under both laws, provided she has sufficiently pleaded the basis for such an action.

Plaintiff's complaint states, in its relevant part, "defendant has failed and refused to pay the proper amount . . ." Plaintiff does not allege any unreasonableness on defendant's part but simply states payment has not been made.[2] We disagree with plaintiff that this constitutes a clear violation of UTPCPL. In considering a demurrer, only such matters as arise from the complaint may be considered. *Whitehead v. Szendroi*, 74 York Leg. Rec. 129 (1960). In order to sustain a demurrer, the court must consider true all facts alleged by plaintiff. Demurrers are sustained only in clear cases where it is certain plaintiff cannot recover. All doubts are construed in favor of plaintiff. *Stock v. York Bank & Trust Co.*, 94 York Leg. Rec. 105 (1980). However, plaintiff will be given leave to file an amended complaint, if the facts so permit, asserting a cause of action under UTPCPL.

Defendant urges this court to strike the claim for attorney's fees even if a cause of action is found under UTPCPL. It is clearly the rule in the commonwealth that attorney's fees are not recoverable from the adverse party to a cause in the absence of an express statutory allowance of the same, a clear agreement by the parties or some other established exception. *Vartan v. Mount Joy Borough Association*, 10 D.&C.3d 243, 251 (1978), citing *Corace v. Ballint*, 418 Pa. 262, 271, 210 A.2d 887 (1965).

Pursuant to 75 Pa.C.S. §1716, regarding payment

---

2. Plaintiff made claim for $5,794.85 in medical expenses. Defendant has paid $4,396.85. Plaintiff has made claim for $1,055.52 in lost wages. Defendant paid $308.01.

of first-party benefits, in addition to paying the benefits owed, the insurer who is found to have acted in an unreasonable manner shall also pay any interest accrued and a *reasonable attorney fee* based upon actual time expended. While it is true that the UTPCPL does not make statutory provision for attorney's fees and the cause of action addresses a violation of the UTPCPL, plaintiff's claim is founded upon a violation of the Motor Vehicle Financial Responsibility Code which does make provision for such. Therefore, if plaintiff is able to successfully plead a cause of action under 75 Pa.C.S. §170, et seq. attorney's fees would be recoverable.

Defendant's motion to strike is sustained subject to the right of the plaintiff to restate a claim for attorney's fees under UTPCPL in the event the facts enable plaintiff to file an amended complaint, asserting a cause of action under UTPCPL.

Defendant's next objection is in the form of a demurrer to plaintiff's allegation that the defendant breached a good faith and fair dealing duty owed to plaintiff. We find the cases of *D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co.,* 494 Pa. 501, 431 A.2d 966 (1981) and *Horner v. Erie Insurance Co.,* no. 86-SU-03219-01 persuasive. In *D'Ambrosio,* the plaintiff sought punitive damages for an insurer's bad faith denial of a claim for benefits. The trial court sustained defendant's demurrer and an appeal was upheld by the Supreme Court who found no such cause of action could be brought. *Id.* This type of claim was similarly denied by our colleague, the Honorable Judge John Rauhauser, in *Horner.* The *Horner* court addressed a claim of breach of duty of good faith where the insurer denied payment under a no-fault automobile insurance policy.

Judge Rauhauser relied, in part, upon *Rodgers v.*

*Nationwide Mutual Ins. Co.*, 344 Pa. Super. 311, 496 A.2d 811 (1985). The *Rodgers* opinion provided the rationale for disallowance of this cause of action. The Supreme Court reasoned that the Unfair Insurance Practices Act provided sufficient means to deter unfair insurance practices and bad faith conduct. Therefore, no need to supplement the act with a judicially created cause of action existed. *Rodgers, supra,* at 813.

The purpose of the UTPCPL is similar to that of the Unfair Insurance Practices Act in its goal of preventing fraud, deception and unfair practices. Thus, the two acts are analogous.

The *Rodgers* line of reasoning is equally applicable. In applying the rationale elucidated in *Rodgers* and its progeny, we find the cause of action for bad faith refusal to fully honor a claim, brought in the instant case, should not be permitted.

For the above reasons, defendant's demurrer is sustained regarding the claim for breach of a duty of good faith and fair dealing.

Noting defendant's final motions to strike claims for awarding of punitive damages and counsel fees, we refer to our earlier discussion of these issues.

## ORDER

·And now, December 29, 1988, it is ordered and directed:

(1) Defendant's demurrer to count II of plaintiff's complaint is sustained. Plaintiff shall be permitted to file an amended complaint within 25 days of the date of this order.

(2) Defendant's motion to strike the claim for attorney's fees is sustained. Plaintiff shall be permitted to file an amended complaint within 25 days of the date of this order.

(3) Defendant's demurrer to count III of plaintiff's complaint is sustained.

(4) Defendant's motion to strike the claim for punitive damages is sustained.

The prothonotary is directed to provide notice to the entry of this opinion and order as required by law.