## Harlan v. Erie Insurance Group

C.P. of Lawrence County, no. 10388 of 2005, C.A.

*Bill Cohen,* for plaintiffs.
*Arthur Leonard,* for defendants.

MOTTO, *P.J.,* February 16, 2006—Before the court for disposition are defendant Erie's preliminary objections in the nature of a demurrer to Counts II and VII of amended complaint of plaintiffs Harlan for failure to state a cause of action, and a motion to strike any claims for damages for emotional distress.

The issues that are dispositive of the foregoing matter are:

(1) Whether a claim for breach of covenant of good faith and fair dealing is an independent cause of action for breach of a contract.

(2) Whether Pennsylvania recognizes a cause of action for spoliation.

(3) Whether the complaint alleges facts to support a claim for damages for emotional distress on the contract theories pled in plaintiffs' complaint.

Plaintiffs' complaint seeks damages from the defendant insurance company because of the conduct of the defendant in addressing plaintiffs' claim for comprehensive property damage benefits under a policy of motor vehicle insurance issued by defendant to plaintiffs. The complaint identified the following counts and causes of action:

Count I—Breach of contract.

Count II—Breach of the covenant of good faith and fair dealing.

Count III—Bad faith pursuant to 42 Pa.C.S. §8371.

Count IV—Violation of Unfair Trade Practices and Consumer Protection Law.

Count V—Conversion.

Count VI—Intentional misrepresentation.

Count VII—Spoliation.

At all times pertinent to this action, plaintiffs had in full force and effect an automobile policy issued to them by defendant, Erie Insurance Exchange, which policy covered plaintiffs as named insureds.

Plaintiffs allege that their 1989 Chevrolet Tahoe was stolen on October 1, 2002 and subsequently found burned. Plaintiffs filed a claim for comprehensive property damage benefits under a policy of motor vehicle insurance that was issued by defendant. Plaintiffs allege that defendant was responsible for payment of the comprehensive property damage benefits to them as a result of the incident, but that defendant failed to pay the claim. Plaintiffs also allege that defendant retained custody of

said vehicle until the fall of 2003, returned it at that time, and failed to return the vehicle with its upper steering assembly, which plaintiffs allege is a necessary component for their investigator to perform a complete and adequate investigation of the cause of the theft of the vehicle.

A preliminary objection in the nature of a demurrer should only be granted in cases that are free from doubt. *Britt v. Chestnut Hill College,* 429 Pa. Super. 263, 632 A.2d 557 (1993).

"A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deduced therefrom; it tests the legal sufficiency of the challenged complaint and will be sustained only in those cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer." *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 322, 612 A.2d 500, 502 (1992).

Defendant's first preliminary objection in the nature of a demurrer contends that plaintiff's breach of covenant of good faith and fair dealing should be dismissed because a breach of this duty is not a separate cause of action but rather part of the breach of contract claim.

"The duty of good faith has been defined as honesty in fact in the conduct or transaction concerned. Where a duty of good faith arises it arises under the law of contracts, not under the law of torts." *Heritage Surveyors & Engineers Inc. v. National Penn Bank,* 801 A.2d 1248, 1253 (Pa. Super. 2002). Further, Pennsylvania "has not

recognized a private cause of action, in tort, for alleged breaches of the duty of good faith and fair dealing." *Toy v. Metropolitan Life Insurance Co.*, 863 A.2d 1, 14 (Pa. Super. 2004), citing *Heritage Surveyors v. National Penn Bank*, 801 A.2d 1248, 1253 (Pa. Super. 2002).

In the case of *Birth Center v. St. Paul Companies Inc.*, 567 Pa. 386, 787 A.2d 376 (2001) the Supreme Court of Pennsylvania expressly held that a contract right of action for breach of the insurance contract obligation to act in good faith exists in Pennsylvania. "Breach of . . . [the] obligation [to act in good faith] constitutes a breach of the insurance contract for which an action in assumpsit will lie." *Birth Center v. St. Paul Companies Inc.*, 567 Pa. at 401, 787 A.2d at 385, quoting *Gray v. Nationwide Mutual Insurance Co.*, 422 Pa. 500, 508, 223 A.2d 8, 12 (1966). In *Birth Center,* the defendant insurance company refused to make a good faith effort to settle a case against its insured. The case against the insured went to trial and resulted in an excess verdict against the insured. *Birth Center* found that the defendant insurance company was liable for all compensatory damages for breach of its contractual obligation under the insurance contract to act in good faith in protecting the interests of the insured. Thus, *Birth Center* expressly held that when an insurer breaches its insurance contract by a bad faith refusal to settle a case, it is appropriate to require it to pay other compensatory damages that it knew or should have known the insured would incur because of the bad faith conduct. *Birth Center,* 567 Pa. at 407, 787 A.2d at 389. Furthermore, such contract right of action is wholly independent from the statutory bad faith action, 42 Pa.C.S. §8371, as the bad faith statute is not inconsistent with

the common law and the statute merely authorizes additional damages beyond the common-law compensatory damages.

Therefore, since Pennsylvania law clearly recognizes the cause of action alleged in Count II of plaintiffs' complaint, defendant's preliminary objection thereto in the nature of a demurer must be denied and overruled.

Defendant next contends that Count VII of plaintiffs' amended complaint should be dismissed because Pennsylvania does not recognize a cause of action for spoliation.

"[N]o appellate court in this Commonwealth has recognized a distinct cause of action for spoliation of evidence either by a party litigant or a third party." *Elias v. Lancaster General Hospital,* 710 A.2d 65, 67 (Pa. Super. 1998). (footnote omitted) The circumstance in *Elias* is distinct from the circumstance present in the case sub judice. The Superior Court in *Elias* specifically noted that it was not ruling on a situation where the spoliation was committed by an adverse party to the litigation as is present in the case before this court. However, the Superior Court provided insight into such a circumstance where it stated:

"We decline to express a specific view on whether a separate tort is needed where an adverse party to litigation spoils evidence, since the issue is not presently before this court. That being said, we are of the opinion that traditional remedies more than adequately protect the 'non-spoiling' party when the 'spoiling' party is a party to the underlying action." *Id.* at 67. (citations omitted)

Since no appellate court has recognized a separate cause of action for spoliation of evidence by a party litigant, in conjunction with the opinion of the Superior Court that traditional remedies more than adequately protect the "non-spoiling" party when the "spoiling" party is a party to the underlying action, the court determines that defendant's preliminary objection to Count VII of plaintiffs' amended complaint must be granted and, consequently, Count VII of plaintiffs' amended complaint shall be dismissed.

Defendant also presents a motion to strike plaintiffs' claim for emotional distress, alleging they are not entitled to such damages under the contract theory pled in Count II of the complaint relating to breach of the covenant of good faith and fair dealing.

As previously addressed, the duty of good faith arises under the law of contracts, not under the law of torts. *Heritage Surveyors & Engineers Inc., supra.* Therefore, plaintiffs may only seek damages that are available to them pursuant to contract theories of recovery.

In *Rodgers v. Nationwide Mutual Insurance Company,* 344 Pa. Super. 311, 496 A.2d 811 (1985), the court specifically held that an insured may not seek emotional distress damages from its insurer for an alleged breach of contract and stated as follows:

"It is quite clear that under Restatement of Contracts §341 (1932), which has been previously cited by Pennsylvania courts, [citations omitted] [plaintiffs] are not entitled to recover damages for emotional distress. Section 314 states:

"In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss." *Id.* at 318, 496 A.2d at 814-15. (citations omitted)

Applying this standard to the present case, it is apparent that plaintiffs are precluded from recovering emotional distress damages arising from defendant's alleged breach of contract for bad faith. Plaintiffs do not allege that they suffered bodily harm, nor can it be inferred from the facts alleged that defendant had reason to know that at the time the contract was entered into, a breach of that contract in the manner alleged would cause mental suffering for reasons other than pecuniary loss. The effect of the alleged deceitful conduct of the defendant was to avoid payment of the loss. It does not follow that defendant had reason to know at the time of contracting that wrongful failure to pay a legitimate claim would cause mental suffering for reasons other than pecuniary loss. There is nothing unique about an insurance contract that would suggest that failure to honor one's obligations thereunder would likely cause emotional distress. No case has been cited to the court where a claim for bad faith breech of an insurance contract has resulted in a claim for emotional distress.

For the reasons set forth, plaintiffs' claims for emotional distress damages in Count II of the complaint must be stricken.

## ORDER

And now, February 16, 2006, after consideration of defendant's preliminary objections to plaintiffs' amended complaint, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed as follows:

(1) Defendant's preliminary objection in the nature of a demurrer to Count II of plaintiffs' amended complaint is denied and overruled.

(2) Defendant's preliminary objection in the nature of a demurrer to Count VII of plaintiffs' amended complaint is granted and Count VII is dismissed.

(3) Defendant's preliminary objection in the nature of a motion to strike any claims in Count II of plaintiffs' amended complaint for emotional distress damages is granted and any claims for emotional distress damages in the plaintiffs' amended complaint are stricken. No ruling is made on any claim for emotional distress damages in any other count as the issue has not been addressed in defendant's brief.